UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR,<br><br>               Petitioner,<br>    v.<br><br>DONALD R HOLBROOK,<br><br>               Respondent. | Case No. C21-1005 JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 19, 2021 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Petitioner John Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed federal habeas corpus petition under 28 U.S.C. § 2254. Dkt. 1-1. For the reasons discuss below, the Court should deny plaintiff's IFP application and should dismiss plaintiff's petition with prejudice.

## DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D.

Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g., Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff has submitted a "Proposed Emergency Motion" which purports to demonstrate that plaintiff is in imminent danger. Dkt. 2. Plaintiff alleges that President Trump and his supporters are planning on bankrupting the United States economy and assassinating President Biden, Speaker Pelosi and Vice-President Harris in an attempt to incite a civil war in the United States. Dkt. 2. Plaintiff's claims do not demonstrate that he faces "imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted).

Based on the foregoing, the Court should DENY plaintiff's IFP application.

Moreover, even if plaintiff paid the Court filing fee for his habeas petition, his petition would be subject to dismissal. Plaintiff's petition alleges that the State of Washington violated his rights because he was indicted on a prosecuting attorney's criminal information rather than by a grand jury. Dkt. 1. However, it has long been

REPORT AND RECOMMENDATION - 2

settled that there is no denial of Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grant jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993). Therefore, plaintiff's petition should be DISMISSED with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 19, 2021**, as noted in the caption.

Dated this 3rd day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge