THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. DEMOS JR., <br><br> Petitioner, <br><br> v. <br><br> DONALD R. HOLBROOK, <br><br> Respondent. | CASE NO. C21-1005-JCC <br><br> ORDER |

This matter comes before the Court on Petitioner John Demos's Objections (Dkt. No. 4) to the Report and Recommendation ("R&R") (Dkt. No. 3) of the Honorable Theresa L. Fricke, United States Magistrate Judge, recommending dismissal with prejudice of Mr. Demos's federal habeas corpus petition (Dkt. No. 1-1). Having thoroughly considered Mr. Demos's objection and the relevant record, the Court hereby OVERRULES the objection, ADOPTS the R&R, and DISMISSES the petition with prejudice, for the reasons explained below.

I.      BACKGROUND

Mr. Demos has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1-1.) However, as Judge Fricke notes, several courts—including this one—have issued multiple orders that bar Mr. Demos from filing *in forma pauperis* actions. (*See* Dkt. No. 3 at 1–2 (citing cases).)

Judge Fricke further notes that, even if Mr. Demos paid the filing fee, his petition—

which depends largely on his assertion that indicting him on a prosecutor's criminal information rather than via grand jury violated the Constitution—would still be dismissed because "it has long been settled that there is no denial of Constitutional rights involved in the substitution of the prosecuting attorney's information for the grand jury's indictment." (*Id.* at 3 (citing *Hurtado v. California*, 110 U.S. 516 (1884)).)

Mr. Demos timely filed an objection to the R&R, and a document styled as an "addendum" to the objection. (Dkt. Nos. 4–5.) He also filed a "second addendum," which is untimely. (*See* Dkt. Nos. 3, 6.)

## II.   DISCUSSION

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." *See* Fed. R. Civ. P. 72(b)(2). Because this requires *specific* objections, general objections or repeating prior arguments is tantamount to no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020). Considering insufficiently specific objections would essentially involve *de novo* review of the whole report, defeating the purpose of referring matters to the magistrate judge, causing a duplication of time and effort, and wasting judicial resources. *Id.* Thus, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

While *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that does not excuse them from making proper objections, *see, e.g.*, *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide

ORDER
C21-1005-JCC
PAGE - 2

by the rules of the court in which he litigates.").

Mr. Demos's objection (and both addenda) fall short of the requirements of a valid objection. His arguments are all but incomprehensible; he fails to identify any specific issues in the R&R requiring correction; and he cites nothing to warrant second-guessing Judge Fricke's advisement that he has exceeded his limit of three IFP petitions per year. (*See generally* Dkt. Nos. 5–6); *see also In re Demos*, C91-0269-CRD, Dkt. No. 1 (W.D. Wash. 1992) ("Dft is limited to three IFP applications per calendar year."). This alone is sufficient to warrant overruling his objections.

Judge Fricke is also correct that *Hurtado v. California* recognizes that States need not use grand juries to bring criminal charges, even for serious crimes. *See* 110 U.S. 516, 538 (1884). Moreover, grand juries in Washington State criminal proceedings, though authorized by statute, are not mandatory and are rarely utilized in practice. *See Beck v. Washington*, 369 U.S. 541, 545 (1962) (discussing the history of grand juries in Washington State and explaining that "[e]ver since *Hurtado* . . . , this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions").

Accordingly, the Court OVERRULES Mr. Demos's objections (Dkt. Nos. 5–6), ADOPTS the R&R (Dkt. No. 3), and DISMISSES Mr. Demos's petition with prejudice.

DATED this 16th day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-1005-JCC
PAGE - 3